IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHERYL D. CUDIA

     Plaintiff,                                No. 2:08-cv-01676 KJN

     v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

     Defendant.                         ORDER

        Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's applications under Title II and Title XVI of the Social Security Act.[1]  Plaintiff filed a motion for summary judgment on October 23, 2009.  (Dkt. No. 19.)  The Commissioner filed a cross-motion for summary judgment on November 25, 2009.  (Dkt. No. 20.)

        Plaintiff filed a reply brief on January 13, 2010.  (Dkt. No. 23.)  In that reply brief, plaintiff alerted the court to the fact that on November 10, 2009, the Social Security

---

[1] This case was referred to the undersigned pursuant to Eastern District of California Local Rule 302(c)(15) and 28 U.S.C. § 636(c), and both parties have voluntarily consented to proceed before a United States Magistrate Judge, 28 U.S.C. § 636(c)(1); Fed. R. Civ. P. 73; Local Rule 301.  (Dkt. Nos. 11, 13.)  This case was reassigned to the undersigned by an order entered February 9, 2010.  (Dkt. No. 24.)

1

Administration determined, on a subsequent application by plaintiff, that she was currently disabled and has been disabled since March 23, 2007. (Dkt. 23 at 2.) Plaintiff's attorney stated that he telephoned the Commissioner's attorney about this development, although the date on which this occurred is unclear. (Id. at 2 n.1.) It appears the parties learned of this award subsequent to the filing of the parties' briefing on their cross motions for summary judgment. Although plaintiff's attorney and the Commissioner's attorney discussed that the Commissioner may wish to file a sur-reply addressing this issue, no sur-reply is on file with the court.

According to plaintiff and the copy of the award letter attached to plaintiff's reply brief, the Social Security Administration deemed plaintiff's date of disability to be one day after the Administrative Law Judge's decision at issue here. This raises two separate issues which require further inquiry.

First, it appears that this court may be unable to fully evaluate the current medical record without the illuminating aspects that these subsequent disability proceedings may provide. Pursuant to 42 U.S.C. § 405(g), the district court may at any time order additional evidence to be taken before the Commissioner of Social Security where there is new material evidence which was not, for good cause, incorporated into the record in the prior proceeding. A finding that plaintiff is disabled the day following an ALJ's determination that plaintiff is not disabled arguably meets this criteria.[2]

Second, as plaintiff contends, the date of onset must be medically determined. It may not be arbitrarily set. Common sense dictates that if the Commissioner found plaintiff disabled as of March 23, 2007, that finding was based on medical evidence preceding that date. Pursuant to Social Security Ruling ("SSR") 83-20, if the onset date of disability is an issue, the ALJ must obtain medical expert testimony to assist in drawing inferences from the record to

---

[2] However, it is unclear from plaintiff's filing what plaintiff's disability award is based upon, and whether it was based at least in part on the same claims or medical record currently before this court.

1  determine a date of onset.  SSR 83-20; <u>DeLorne v. Sullivan</u>, 924 F.2d 841, 848 (9th Cir. 1991).

2          In light of the foregoing issues, IT IS HEREBY ORDERED that:

3          1.	The Commissioner submit either a stipulation to remand this case pursuant to sentence six of 42 U.S.C. § 405(g), or a supplemental brief addressing the above issues and why this case should not be remanded to the Commissioner for further proceedings.  Such stipulation or brief shall be filed within fourteen days of the date of this order; and

7          2.	If the Commissioner opposes remand and files a supplemental brief, the plaintiff may file a reply within seven days after the date of the Commissioner's filing.

DATED:  September 22, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

3