1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10   CHERYL D. CUDIA

11           Plaintiff,                          No. 2:08-cv-01676 KJN

12        v.

13   MICHAEL J. ASTRUE,
     Commissioner of Social Security,
14
             Defendant.                          ORDER
15   _____/

16           On October 29, 2010, and pursuant to the parties' stipulation, the undersigned

17   remanded plaintiff's social security benefits appeal to the Commissioner of Social Security for

18   further administrative proceedings.  (Remand Order, Dkt. No. 30.)

19           Currently pending before the undersigned is plaintiff's Motion For Attorney's

20   Fees Pursuant To The Equal Access To Justice Act.  (Pl.'s Mot. for Fees., Dkt. No. 32.)[1]

21   Defendant Michael J. Astrue, Commissioner of the Social Security Administration ("defendant"),

22   filed an opposition to plaintiff's pending motion.  (Def.'s Oppo. to Fees Mot., Dkt. No. 34.)

23   Plaintiff filed a Reply in support of her fees motion on November 14, 2010.  (Pl.'s Reply to Fees

24   _____

25       [1]  This case was referred to the undersigned pursuant to Eastern District of California
     Local Rule 302(c)(15) and 28 U.S.C. § 636(c), and both parties have voluntarily consented to
     proceed before a United States Magistrate Judge.  (Dkt. Nos. 11, 13.)  This case was reassigned
26   to the undersigned by an order entered February 9, 2010.  (Dkt. No. 24.)

1    Mot., Dkt. No. 35.)

2          Because oral argument would not materially aid the resolution of the pending

3    motion (Dkt. No. 33), the matter was previously submitted on the briefs and record without a

4    hearing.  Fed. R. Civ. P. 78(b); E. Dist. Local Rule 230(g).  The undersigned has fully considered

5    the parties' papers and the record in this case and, for the reasons that follow, the undersigned

6    grants plaintiff's motion.

7          Plaintiff obtained a remand in this action.  Defendant does not argue that

8    defendant's position *as to the sole issue prompting the remand* was substantially justified.

9    Accordingly, defendant has failed to meet its burden of showing it was "substantially justified" in

10   regards to the issue leading to the remand, and therefore plaintiff is entitled to an award of her

11   reasonable attorneys' fees.

12   I.    BACKGROUND[2]

13         A.     *Plaintiff's First Claim For Benefits And This Action*

14         On November 29, 2004, Cheryl D. Cudia ("plaintiff") filed for Social Security

15   disability benefits under 42 U.S.C. § 401 et. seq. (Federal Old Age, Survivors and Disability

16   Insurance Programs or "DIB") and 42 U.S.C. §§ 1381 et. seq. (Supplemental Security Income for

17   the Aged, Blind and Disabled Programs or "SSI" and together with DIB, the "Act").  (Compl.,

18   Dkt. No. 1 at 2.)  Plaintiff's alleged disability onset date was November 15, 2004.  (Cross-Mot.

19   for Summ. J., Dkt. No. 20-1 at 5.)  Plaintiff claimed disability based on back and joint pain,

20   arthritis, kidney problems and depression.  (Mot. for Summ. J., Dkt. No. 19 at 6.)  Plaintiff had

21   not worked since the alleged onset date, but had previously worked as a home health care

22   provider for several years and, previous to that, worked as a motel maid.  (Id. at 14.)

23         Defendant denied plaintiff's application for disability benefits at the initial level

24   of review and upon reconsideration; plaintiff then requested and was granted a hearing before an

25

26         [2]  This recitation of the factual background is not intended to be exhaustive, and the
     parties are familiar with the facts giving rise to this dispute.

2

Administrative Law Judge (the "ALJ").  (Mot. for Summ. J. at 6.)  The ALJ held a hearing in January 2007, wherein he took testimony from plaintiff and her boyfriend.  (Cross-Mot. for Summ. J. at 1.)  On March 22, 2007, the ALJ issued a decision (the "ALJ's decision") denying benefits to plaintiff.   (Administrative Record ("AR") 15-28.)

Plaintiff retained counsel who appealed the ALJ's decision to the Social Security Administration's Appeals Council on May 10, 2007.  (AR 10-11.)  The Appeals Council denied review in May 2008.  (AR 4-7.)  On July 21, 2008, plaintiff commenced this civil action against defendant.  (Mot. for Summ. J. at 1-2.)

B.     *Plaintiff's Second Claim For Benefits*

On January 7, 2009, while this civil action was pending, plaintiff filed a second claim for disability with the Social Security Administration.  (Reply, Dkt. No. 23 at 2-3 (describing plaintiff's "subsequent" application for benefits).)

C.     *Plaintiff Moves For Summary Judgment*

On October 23, 2009, plaintiff filed her Motion for Summary Judgment in this action, arising from her first claim for benefits.  (Mot. for Summ. J., Dkt. No. 19.)  On November 25, 2009, defendant filed its Cross-Motion for Summary Judgment and Opposition.  (Cross-Mot. for Summ. J., Dkt. No. 20.)

D.     *The Notice Of Award Arising From Plaintiff's Second Claim For Benefits*

Amid the parties' summary judgment briefing, the Social Security Administration sent plaintiff a "Notice of Award" dated November 10, 2009 (the "Notice of Award").  (Notice of Award, Dkt. No. 23, Att. A.)  The Notice of Award arose from plaintiff's second, "subsequent" claim for benefits.  (Reply at 2-3; Pl.'s Reply to Fees Mot., Dkt. No. 35 at 4.)  The Notice of Award states both that plaintiff was "disabled" as of "March 23, 2007" and that plaintiff is eligible to receive benefits.  (Notice of Award at 1; Reply at 2, 17-19 n.1.)  Crucially, the Notice of Award ascribes to plaintiff a *disability onset date of just one day after the ALJ denied plaintiff's first application for disability benefits*.  (Dkt. No. 23 at 2, 17-19 n.1.)  Even though

1   these dates are just one day apart, plaintiff was granted benefits in one case and denied benefits in

2   the other.  To say the least, the disability onset date stated within the Notice of Award for

3   benefits tends to conflict with the ALJ's findings in connection with plaintiff's first claim for

4   benefits.  (Compare Notice of Award, Dkt. No. 23, Att. A (stating a disability onset date of

5   March 23, 2007) with AR 15-28 (ALJ's decision dated March 22, 2007, denying benefits).)

6           On or about November 30, 2009, after plaintiff filed her Motion for Summary

7   Judgment but before she filed her supporting Reply briefing, plaintiff's attorney learned of the

8   Notice of Award.  (Pl.'s Reply to Fees Mot. at 4.)  The first time the Notice of Award appears in

9   the record for this action is within plaintiff's Reply supporting her summary judgment motion,

10   filed on January 13, 2010 (the "Reply").  (Reply, Dkt. No. 23.)

11         E.    *Plaintiff's Efforts To Obtain A Remand After Learning Of The Notice Of Award*

12           After learning of the Notice of Award, plaintiff made several attempts to obtain a

13   remand based thereon.  Plaintiff's Reply indicates that plaintiff's attorney had "called and

14   advised defendant's attorney of [the Notice of Award] and faxed him a copy of the . . . Notice of

15   Award for review."  (Reply at 2, n. 1.)  Plaintiff's attorney represents that, on November 30,

16   2009, his time entry reflects that he had a telephone conference with his client and opposing

17   counsel regarding the Notice of Award.  (Pl.'s Mot. for Fees, Dkt. No. 32.)  In her Reply,

18   plaintiff asks the undersigned to remand the case in light of the Notice of Award and the

19   disability onset date stated therein so as to obtain a "proper analysis of the medical evidence to

20   determine an accurate medically-based onset date of disability" in accordance with Social

21   Security Ruling 83-20.  (Reply at 3-4.)

22         F.    *The Stipulation And Order To Remand*

23           On September 23, 2010, the undersigned ordered the parties to either stipulate to a

24   remand for further proceedings or, alternatively, to provide supplemental briefing addressing why

25   the matter should not be remanded for further proceedings relating to the determination of

26   plaintiff's disability onset date (the "September 2010 Order").  (Sept. 2010 Order, Dkt. No. 26 at

3.)  The September 2010 Order recognized that the March 23, 2007 disability onset date stated

within Notice of Award tended to conflict with the ALJ's March 22, 2007 decision prompting

this civil action, given that both dates are one day apart yet plaintiff's benefits were granted in

one case and denied in the other.  (Id.)  The September 2010 Order asked the parties whether the

district court would be able to fully evaluate the medical record without the illuminating

information that subsequent disability proceedings might provide.  (Id.)  The September 2010

Order also reminded the parties that the date of onset must be medically determined and may not

be arbitrarily set.  (Id. at 2.)

In response to the September 2010 Order, the parties chose to stipulate to a

remand rather than to further litigate this matter.  On October 7, 2010, the parties executed a

stipulation to remand to the Social Security Administration for further proceedings, and the

stipulation became the order of the court.  (Remand Order, Dkt. No. 30.)  Judgment was entered

on October 8, 2010.  (Dkt. No. 31.)

II.      LEGAL STANDARD

The Equal Access To Justice Act ("EAJA") provides for awards of attorney's fees

to "prevailing parties" in social security actions under certain circumstances.  28 U.S.C. §

2412(d).[3]  The EAJA authorizes federal courts to award attorneys' fees when a party prevails

against the United States, although fee-shifting is not mandatory.  Hardisty v. Astrue, 592 F.3d

1072, 1076 (9th Cir. 2010).  Under the EAJA, the court "shall" award fees to the prevailing party

unless "the court finds that the position of the United States was substantially justified or that

special circumstances make an award unjust."  28 U.S.C. § 2412(d).  The government has the

---

[3]  "Except as otherwise specifically provided by statute, a court shall award to a prevailing
party other than the United States fees and other expenses, in addition to any costs awarded
pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in
tort), including proceedings for judicial review of agency action, brought by or against the United
States in any court having jurisdiction of that action, unless the court finds that the position of the
United States was substantially justified or that special circumstances make an award unjust."  28
U.S.C. § 2412(d)(1)(A).

1   burden to demonstrate that "its position was substantially justified or that special circumstances

2   exist to make an award unjust." Gutierrez v. Barnhart, 274 F.3d 1255, 1258 (9th Cir. 2001).

3          The "position of the United States" means the position taken by the United States

4   in the civil action *and* the action or the failure to act by the agency upon which the civil action is

5   based. 28 U.S.C. § 2412(d)(2)(D). The focus is whether the defendant's position relating to the

6   issue that was the basis for remand was substantially justified, not the ultimate disability

7   determination. Flores v. Shalala, 49 F.3d 562, 569 (9th Cir. 1995). A position is "substantially

8   justified" if it had a reasonable basis in law and fact. Pierce v. Underwood, 487 U.S. 552, 565

9   (1988); Kali v. Bowen, 854 F.2d 329, 331 (9th Cir. 1988); Corbin v. Apfel, 149 F.3d 1051, 1052

10  (9th Cir. 1998). The government must show that its position meets the traditional reasonableness

11  standard – that "it is 'justified in substance or in the main' or 'to a degree that could satisfy a

12  reasonable person.'" Corbin, 149 F.3d at 1052 (quoting Pierce, 487 U.S. at 565).

13  The government carries the burden of establishing substantial justification. Hardisty, 592 F.3d at

14  1076 n.2; Gutierrez, 274 F.3d at 1258.

15         According to the U.S. Supreme Court, "the fee applicant bears the burden of

16  establishing entitlement to an award and documenting the appropriate hours expended." Hensley

17  v. Eckerhart, 461 U.S. 424, 437 (1983). The text of the EAJA limits the hourly rate to be used in

18  calculating attorney fee awards. 28 U.S.C. § 2412(d)(2)(A). With cost-of-living increases, that

19  hourly rate is $172.24 per hour for work completed in 2009, $175.06 per hour for work

20  completed in 2010, and $179.51 per hour for work completed in 2011. Id. § 2412(d)(2)(A)(ii);

21  Thangaraja v. Gonzalez, 428 F.3d 870, 876-77 (9th Cir. 2005) (explaining that cost-of-living

22  increases are calculated by multiplying the $125 statutory maximum hourly rate by the annual

23  average consumer price index figure for all urban consumers ("CPI-U") for the years in which

24  the attorney's work was performed and dividing by the CPI-U figure for March 1996 (155.7), the

25  effective date of the statutory maximum hourly rate).

26         Notwithstanding the limit on hourly fee rates that can be awarded under EAJA,

"special factor[s]" may "justif[y] a higher fee." 28 U.S.C. § 2412(d)(2)(A).  An award in excess

of the statutory rate is only appropriate where "lawyers skilled and experienced enough to try the

case are [not only] in short supply," but there is also limited availability of "attorneys having

some distinctive knowledge or specialized skill needful for the litigation in question." Pierce,

487 U.S. at 573.  The Ninth Circuit Court of Appeals has since clarified that, "[i]t is not enough,

however, that the attorney possess distinctive knowledge and skills.  Those qualifications warrant

additional fees only if they are in some way needed in the litigation and cannot be obtained

elsewhere at the statutory rate." Pirus v. Bowen, 869 F.2d 536, 542 (9th Cir. 1989).  The Court

of Appeals has thus distilled a two-prong test from Pierce: (1) the attorney must possess

"distinctive knowledge and skills" and (2) the qualifications must be "in some way needed in the

litigation and cannot be obtained elsewhere at the statutory rate." Id.

An EAJA fee award must also be reasonable.  Sorenson v. Mink, 239 F.3d 1140,

1145 (9th Cir. 2001).  A party seeking fees under EAJA bears the burden of proving that the fees

and hourly rate requested are reasonable.  Hensley, 461 U.S. at 433-34; Aguilera v. Astrue, No.

08cv67 WQH (JMA), 2009 WL 1156510, at *2-3 (S.D. Cal. April 28, 2009) (unpublished)

(citing Hensley).  In determining whether a fee is reasonable, the court considers the hours

expended, the reasonable hourly rate, and the results obtained.  Hensley, 461 U.S. at 433-34;

Atkins v. Apfel, 154 F.3d 986, 988 (9th Cir. 1998). "[E]xcessive, redundant, or otherwise

unnecessary" hours should be excluded from a fee award, and charges that are not properly

billable to a client are not properly billable to the government.  Hensley, 461 U.S. at 434.

A prevailing plaintiff is entitled to reasonable fees for the time expended in

litigating the EAJA fees request.  Comm'r INS v. Jean, 496 U.S. 154, 165-66 (1990) (awarding

EAJA fees for fee litigation); Kilbourne v. Comm'r of Soc. Sec., 2011 WL 2495688, No.

09-6367-HA, at *5 (D. Or. June 23, 2011) (unpublished) (citing Jean and holding that plaintiff

could supplement a fee request and seek EAJA fees for "reasonable time expended litigating this

fee entitlement.")

III.    ANALYSIS

Plaintiff argues that the defendant agency had "no substantial justification to deny benefits to plaintiff" in connection with plaintiff's underlying first claim for disability benefits.  (Pl.'s Mot. for Fees at 4-5.)  Plaintiff also argues that defendant was not substantially justified in continuing to litigate this civil action for several weeks after learning of the Notice of Award, despite the questions that document raised about plaintiff's onset date.  (Pl.'s Reply to Fees Mot. at 3.)

Defendant does not contest plaintiff's status as a prevailing party, nor does defendant argue that any "special circumstances" exist that would make an award of attorney fees unjust.  (Def.'s Oppo. to Fees Mot. at 5-8.)  Defendant clarifies that "the Commissioner does not argue that it was substantially justified as to those issues that formed the basis for remand." (Def.'s Oppo. to Fees Mot. at 6.)  Defendant argues, however, that its "pre-Reply" positions (i.e., its positions prior to learning of the Notice of Award) were substantially justified, and that plaintiff should not recover fees in connection with any issues that did not ultimately trigger the remand in this case.  (Def.'s Oppo. to Fees Mot. at 6.)  Specifically, defendant argues that "it is appropriate to reduce the requested fees with respect to pre-Reply issues that were unrelated to the basis for remand."  (Id.)

A.    Scope Of The Substantial Justification Analysis In This Case

The Ninth Circuit Court of Appeals has framed the EAJA fees analysis as turning only on issues "reached" by the district court.  Hardisty, 592 F.3d at 1078 (declining to conduct EAJA fees analysis "on those issues that the district court chose not to reach in its original decision").)

The district court in Hardisty found that the government's position on "the issue on which Hardisty's claim had been remanded," was substantially justified, and concluded therefore that "fee-shifting was not appropriate."  Id. at 1075.  Although the plaintiff in Hardisty argued that the district court should examine a subset of unreached issues to determine whether

1    or not plaintiff should receive a partial fee in connection with litigating those issues, the Court of

2    Appeals declined to require district courts to make different "substantial justification"

3    determinations for different subsets of issues.  Id.  The court was unwilling to engage in a

4    "second major litigation" regarding whether or not the government's positions were substantially

5    justified as to issues plaintiff "raised" but that the district court did not "address," and therefore,

6    refused to conduct a fee-shifting analysis with respect to those issues.  Id. at 1077–79 (quoting

7    Buckhannon Bd. & Care Home, Inc. v. West Virginia Dept. of Health & Human Res., 532 U.S.

8    598, 609 (2001)).  The court explained that conducting a de novo review for fees purposes as to

9    issues the district court never reached would "mire the district courts in an inquiry . . . described

10   as 'excruciating.'"  Id. at 1078 (quoting Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.,

11   489 U.S. 782, 791 (1989)).

12           Under Hardisty, then, analyzing the propriety of an EAJA fee award involves

13   analyzing only the issue(s) that gave rise to the remand, and does not involve an examination of

14   other issues that were not actually reached by the district court.  Hardisty, 592 F.3d at 1075,

15   1077-79.  In this case, only one "issue" gave rise to the remand: the issue of how to reconcile the

16   "March 23, 2007" disability onset date stated in the Notice of Award with the ALJ's March 22,

17   2007 denial of plaintiff's first claim for benefits, given that each date is within one day of the

18   other.  (Compare Notice of Award, Dkt. No. 23, Att. A (stating a disability onset date of March

19   23, 2007) with AR 15-28 (ALJ's decision dated March 22, 2007, denying benefits).)  As the

20   undersigned's September 2010 Order recognized, "[c]ommon sense dictates that if the

21   Commissioner found plaintiff disabled as of March 23, 2007, that finding was based on medical

22   evidence preceding that date."  (Sept. 2010 Order, Dkt. No. 26 at 2-3.)  After learning of the

23   Notice of Award and the questions it raised, the undersigned gave the parties the choice of

24   further briefing the issue or, alternatively, stipulating to a remand.  (Id.)  The parties stipulated to

25   remand the matter (Dkt. No. 29), and the undersigned made that stipulation the order of the court.

26   (Remand Order, Dkt. No. 30.)

9

1    Defendant suggests that the undersigned award plaintiff attorneys' fees *only* for

2    time spent litigating "those matters raised in the Reply that formed the basis for the remand,"

3    denying fees for fees arising from every other aspect of the litigation.  (Def.'s Oppo. to Fees Mot.

4    at 7.)  Defendant argues that this position is "consistent with <u>Hardisty</u>," because all pre-Reply

5    issues "ultimately proved irrelevant" such that fees should not be awarded on those hours.  (<u>Id.</u>)

6    Defendant's argument is neither well-taken nor consistent with <u>Hardisty</u>.

7    The Court of Appeals clarified that, in analyzing entitlement to EAJA fees, a

8    district court is to examine only those issues "reached" by the district court to determine whether

9    the defendant's positions on these "reached" issues were "substantially justified."  <u>See</u> <u>Hardisty</u>,

10   592 F.3d at 1075, 1077-79.  If the defendant's positions on the "reached" issues *were*

11   substantially justified, EAJA fees are inappropriate.  <u>See</u> <u>id.</u>  If defendant's positions on the

12   "reached" issues were *not* substantially justified, EAJA fees are appropriate.  <u>See</u> <u>id.</u>  Nothing in

13   this fees analysis extends the court's examination to issues that "ultimately proved irrelevant"

14   (Def.'s Oppo. to Fees Mot. at 7) and/or issues that the district court never reached.  <u>See</u> <u>id.</u>  The

15   court in <u>Hardisty</u> did not deny fees on the basis that they arose from "irrelevant" issues and/or

16   from issues the court never reached.  <u>See</u> <u>id.</u>

17   Defendant argues that under the "the logic of" <u>Hardisty</u>, plaintiff should only

18   recover EAJA fees expended in litigating the "Reply" portion this case that prompted the

19   remand.  (Def.'s Oppo. to Fees Mot. at 6-7.)  Defendant is correct that the Reply flagged the

20   Notice of Award, which in turn triggered questions about plaintiff's disability onset date and

21   ultimately prompted the remand.  (<u>Id.</u>)  However, defendant incorrectly implies that the court in

22   <u>Hardisty</u> suggested delineating a piecemeal fee award where fees are denied for all issues *except*

23   those prompting the remand.  The court in <u>Hardisty</u> did not make any such suggestion: it looked

24   only at the issues reached by the district court, then determined whether the defendant's positions

25   on *those issues* were substantially justified, and denied fees because they were.  <u>Hardisty</u>, 592

26   F.3d at 1075, 1077-79.  The court's fees analysis stopped there.

1    Accordingly, the undersigned declines to extend Hardisty's "logic" to deny all

2  fees other than those connected to the sole issue prompting the remand in this case.  (Def.'s

3  Oppo. to Fees Mot. at 7.)  Defendant's brief does not provide authority for such a broad

4  interpretation of the "logic" of Hardisty.  Further, this sort of piecemeal, issue-by-issue fee

5  analysis would impose on the undersigned the very burden the court in Hardisty sought to avoid:

6  the need to conduct a de novo review of the entire case for purposes of fee litigation.  Hardisty,

7  592 F.3d at 1078.  Under Hardisty, whether defendant's positions on *unreached* issues were or

8  were not substantially justified is not part of the analysis, and whether those issues "ultimately

9  proved irrelevant" (Def.'s Oppo. to Fees Mot. at 6-7) are not part of the analysis.  See Hardisty,

10  592 F.3d at 1075, 1077-79.

11  B.    Substantial Justification

12    "[T]he plain language of the EAJA states that the 'position of the United States'

13  means, in addition to the position taken by the United States in the civil action, the action or

14  failure to act by the agency upon which the civil action is based.'"  Gutierrez, 274 F.3d at 1259

15  (citing 28 U.S.C. § 2412(d)(2)(D); Jean, 496 U.S. 14 at 159 (explaining that the "position"

16  relevant to the inquiry "may encompass both the agency's prelitigation conduct and the

17  [agency's] subsequent litigation positions").  As emphasized by the Court of Appeals, "we

18  consider whether 'the position of the government was, as a whole, substantially justified.'"

19  Gutierrez, 274 F.3d at 1258–59 (quoting United States v. Rubin, 97 F.3d 373, 376 (9th

20  Cir.1996)) (citing Jean, 496 U.S. at 161–62) (emphasis added in Gutierrez); Roberts v. Astrue,

21  C10-5225-RJB-JRC, 2011 WL 3054904 at *4-6 (W.D. Wash. June 29, 2011) (unpublished).

22    Here, defendant "does not argue substantial justification as to those issues that

23  formed the basis for remand." (Def.'s Oppo. to Fees Mot. at 6.)  Instead, as described above,

24  defendant argues that it was substantially justified as to all issues *other than* those that "formed

25  the basis for remand." (Id.)  The gist of defendant's argument is that while plaintiff is entitled to

26  fees for litigating the issues that "formed the basis for remand," defendant should not have to pay

11

1    EAJA fees arising in connection with litigating plaintiff's *other* arguments.  (Id.)

2            As described above, however, an EAJA fees analysis under Hardisty focuses

3    solely on the issue that led to the remand.  See Hardisty, 592 F.3d at 1075, 1077-79.  Defendant

4    has clarified that "defendant does not argue substantial justification as to those issues that formed

5    the basis for remand," (Def.'s Oppo. to Fees Mot. at 6), so the analysis stops here.  In other

6    words, as to the sole "issue" the EAJA fee analysis turns upon — the Notice of Award/disability

7    onset issue that prompted the remand — Defendant "does not argue substantial justification."

8    (Id.)  By explaining as much in its Opposition and by stipulating to the remand itself, defendant

9    has conceded that its position on the issue "that formed the basis for remand" (id.) was not

10   "substantially justified."  See Gutierrez, 274 F.3d at 1258; Hardisty, 592 F.3d at 1076 n.2.  By

11   defendant's clarification that it does not argue "substantial justification" as to the issue

12   prompting the remand, defendant has conceded plaintiff's entitlement to fees.  See Hardisty, 592

13   F.3d at 1075, 1077-79.

14           Further, district courts have determined that a plaintiff is entitled to EAJA fees in

15   social security cases where the government conceded that remand was appropriate.  E.g.,

16   Roberts, 2011 WL 3054904 at *5.  In Roberts, in response to the plaintiff's opening brief, the

17   government's counsel "conceded" that the administrative law judge erred and "that the matter

18   should be remanded" for further proceedings on that basis.  Id. at *2.[4]

19           Here, defendant argues that even though the Notice of Award raised questions

20   about plaintiff's disability onset date and prompted defendant to *stipulate* to a remand, plaintiff

21

22           [4]   Specifically, "[i]n response to the plaintiff's opening brief, the defendant conceded
     that the ALJ erred and that the matter should be remanded to the administration for further
23   consideration."  Roberts, 2011 WL 3054904 at *2.  The defendant "conceded that the ALJ erred
     in his consideration of the opinions of [various doctors]; and, as a result of this error, that the
24   ALJ erred in his residual functional capacity finding and the subsequent steps in the sequential
     evaluation."  Id.  Defendant also "noted that remand would provide the ALJ an opportunity to
25   consider the new evidence presented by plaintiff to the Appeals Council."  Id.  The court in
     Roberts held that "[s]ince . . . the government already had agreed that the administration's
26   position was 'not substantially justified,' this court concludes that plaintiff should be able to
     recover whatever reasonable attorney fees plaintiff incurred.'"  Id.

1  should not recover fees for all remaining issues that, given the remand, were not ultimately

2  reached.  District courts have not found this argument persuasive in similar cases.  See e.g.,

3  Roberts, 2011 WL 3054904 at *4-5 (holding that "where a plaintiff receives a reversal and

4  remand of an underlying social security matter and the court determines that the government's

5  position was not substantially justified, the undersigned concludes that the court is not required

6  to inquire into issues not addressed for the sole purpose of determining again whether or not the

7  government's position was 'substantially justified' but need only examine whether or not the

8  attorney fees are reasonable.").)

9          Accordingly, because defendant does not argue "substantial justification" as to the

10  sole issue giving rise to the remand, and given that the undersigned did not reach other issues *not*

11  because they were actually "irrelevant" (Def.'s Oppo. to Fees Mot. at 6-7) but instead because

12  defendant *agreed* that remand was appropriate, the undersigned concludes that plaintiff is entitled

13  to all of her reasonable attorneys' fees.  See Roberts, 2011 WL 3054904 at *4-5.  The analysis

14  proceeds to whether or not plaintiff's attorneys' fees are reasonable.  See id.; Hardisty, 592 F.3d

15  at 1075, 1077-79.

16      C.    Reasonableness Of Fees

17          Where the government's position was not substantially justified as to the issue

18  leading to the remand, a plaintiff is entitled to all of her reasonable attorneys' fees.  See Roberts,

19  2011 WL 3054904 at *4-6 (citing Hensley, 461 U.S. at 433, 436–37).  That is the situation

20  presented here.  The undersigned concludes that no special circumstances make an award of

21  attorneys' fees unjust, and defendant did not raise any "special circumstances" arguments.  See

22  28 U.S.C. § 2412(d)(1) (A).  Therefore, all that remains is to determine the amount of reasonable

23  fees.  See 28 U.S.C. § 2412(b); see also Hensley, 461 U.S. at 433, 436–37.[5]

24

25          [5]  Defendant does not object to plaintiff's hourly rate but, as described above, contends
    that plaintiff should only recover fees for time spent litigating the issue that led to the remand and
26  that some hours expended by plaintiff's counsel were unreasonable.  (Def.'s Oppo. to Fees Mot.

13

1    Once the court determines that plaintiff is entitled to a reasonable fee, "the amount

2    of the fee, of course, must be determined on the facts of each case." Hensley, 461 U.S. at 429,

3    433 n.7.[6]  "[T]he most useful starting point for determining the amount of a reasonable fee is the

4    number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."

5    Id. at 433.  However, the "product of reasonable hours times a reasonable rate does not end the

6    inquiry." Id. at 434.  In Hensley, the Court concluded that the "important factor of the 'results

7    obtained'" may lead the district court to adjust the fee upward or downward.  Id.  The Court

8    stated that this factor particularly is "crucial where a plaintiff is deemed 'prevailing' even though

9    he succeeded on only some of his claims for relief."  Id. (noting that other relevant factors

10   identified in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717–19 (1974) "usually

11   are subsumed within the initial calculation of hours reasonably expended at a reasonably hourly

12   rate") (other citation omitted).

13   The factor of "results obtained" may not always be relevant, however, particularly

14   when there is only a "single claim," such as in an appeal of a Social Security matter.  Hensley,

15   461 U.S. at 435.  When the case involves a "common core of facts or will be based on related

16   legal theories . . . the district court should focus on the significance of the overall relief obtained

17   by the plaintiff in relation to the hours reasonably expended on the litigation."  Id.  The Court

18   concluded that where a plaintiff "has obtained excellent results, his attorney should recover a

19   fully compensatory fee."  Id.  Where plaintiff has obtained excellent results, "the fee award

20   should not be reduced simply because the plaintiff failed to prevail on every contention raised in

21   the lawsuit."  Id. "The result is what matters."  Id.

22   The analysis of whether or not a social security plaintiff receives all of her

23   reasonable attorneys' fees follows from the district court's initial determination regarding the

24

_____

at 7-9.)

25

26   ⁶ As defendant notes, while Hensley "is not an EAJA case," that court's "analysis applies
to EAJA adjudication."  (Def.'s Oppo. to Fees Mot. at 4 n.1 (citing cases).)

1   issue of substantial justification; for instance, in Hardisty, because the government's position on

2   the "reached" issue was found to be substantially justified, plaintiff did not receive *any* fees.

3   Roberts, 2011 WL 3054904 at *4-6 (citing Hardisty, 592 F. 3d at 1078).  As described above,

4   although the plaintiff in Hardisty had argued that the district court should look at a subset of

5   unreached issues and award partial fees based on those issues, the Court of Appeals declined to

6   require the district courts to make different determinations regarding substantial justification for

7   unreached issues.  See id.  (citing Hardisty, 592 F.3d at 1078).

8           In this case, and contrary to the rationale in Hardisty, defendant would have the

9   undersigned engage in division of plaintiff's requested attorney fees into pre-Reply issues and

10  post-Reply issues as a way of ensuring the "reasonableness" of the fee award.  (Def.'s Oppo. to

11  Fees Mot. at 6-7.)  Defendant argues that fees should not be awarded "with respect to the pre-

12  Reply issues that were unrelated to the basis for remand."  (Def.'s Oppo. to Fees Mot. at 6.)

13  Such a reduction cannot be done under the guise of "reasonableness" in this case.  To the

14  contrary, in a social security case, where the underlying lawsuit cannot be viewed as a series of

15  discrete claims and is rather a "common core of facts or will be based on related legal theories,"

16  the district court should focus on the significance of the overall relief obtained in relation to the

17  hours reasonably expended on the litigation.  Hensley, 461 U.S. at 435; Roberts, 2011 WL

18  3054904, at *7.  The court in Hensley clarified that "where the plaintiff has obtained excellent

19  results, his attorney should recover a fully compensatory fee."  Hensley, 461 U.S. at 435.  As

20  emphasized by the Court of Appeals, "we consider whether 'the position of the government was,

21  *as a whole*, substantially justified.'"  Gutierrez, 274 F.3d at 1258–59 (quoting United States v.

22  Rubin, 97 F.3d 373, 376 (9th Cir.1996)) (citing Jean, 496 U.S. at 161–62) (emphasis in

23  Gutierrez).

24          Contrary to defendant's suggestions, the court in Hardisty did not reach the

25  question of "reasonableness" of fees because that court did not proceed beyond the initial

26  "substantial justification" inquiry.  Hardisty, 592 F.3d at 1075, 1077-79.  District courts

1   interpreting <u>Hardisty</u> have agreed that the decision's discussion of EAJA fees applies only to the

2   "substantial justification" component of the analysis; not as a means of limiting fees under the

3   "reasonableness of fees" component.  <u>See</u> <u>Belcher v. Astrue</u>, No. 1:09CV1234DLB, 2010 WL

4   5111435, at *3 (E.D. Cal. Dec. 9, 2010) (unpublished); <u>Blackwell v. Astrue</u>, No. CIV 08-1454

5   EFB, 2011 WL 1077765, at *3 (E.D. Cal. Mar. 21, 2011) (unpublished) ("Here, defendant argues

6   that this court should extend <u>Hardisty</u> and limit plaintiff's fees to only hours spent on issues on

7   which plaintiff prevailed. The court, however, declines to do so.").  As defendant has not

8   identified authorities requiring the undersigned to "reduce" plaintiff's fee award based on the so-

9   called "irrelevance of the original Motion for Summary Judgment to the remand decision," the

10   undersigned declines to make such reduction.  (Def.'s Oppo. to Fees Mot. at 8.)

11          The undersigned also concludes that plaintiff has obtained a remand amounting to

12   an "excellent result," contrary to defendant's characterization of that result as a mere "partial

13   success" (Def.'s Oppo. to Fees Mot. at 6-8).  <u>See</u> <u>Hensley</u>, 461 U.S. at 435.  Plaintiff has

14   obtained a remand of the underlying matter, and an ALJ will re-examine all the evidence in her

15   case, presumably including whatever evidence prompted the Notice of Award and the disability

16   onset date stated therein.  (Remand Order, Dkt. No. 30.)  Based on a review of the relevant

17   record, including plaintiff's time and expense sheets and attorney declarations, the undersigned

18   concludes that given "the results obtained," the hours requested by plaintiff's attorney are "hours

19   reasonably expended on the litigation."  <u>See</u> <u>Hensley</u>, 461 U.S. at 435, 437.

20          1.    ***Plaintiff's Attorneys' Fees***

21          Plaintiff requests attorneys' fees totaling $8,517.29, based on 49.2 hours spent

22   litigating this civil action.  (Pl.'s Reply to Fees Mot. at 10; First Declaration of Andrew T.

23   Koenig ("First Koenig Decl."), Dkt. No. 32 at 9-14, Second Declaration of Andrew T. Koenig

24   ("Second Koenig Decl."), Dkt. No. 25 at 11-12.)  As described above, with cost-of-living

25   increases, the compensable hourly rate is $172.85 per hour for work completed in 2008, $172.24

26   per hour for work completed in 2009, and $175.06 per hour for work completed in 2010.  28

1   U.S.C. § 2412(d)(2)(A); Thangaraja, 428 F.3d at 876-77; Ninth Circuit Rule 39-1.6.

2         In 2008, plaintiff's attorney expended 2.6 hours at a claimed rate of $172.85 per

3   hour, for a total of **$449.41**.  (First Koenig Decl. ¶ 7.)  In 2009, plaintiff's attorney expended 33.3

4   hours at a claimed rate of $172.24, for a total of **$5,735.59**.  (Id. ¶ 8.)  Such rates for 2008 and

5   2009, as adjusted for inflation, are in accordance with 28 U.S.C. § 2412 (d)(2)(A), Thangaraja,

6   428 F.3d at 876-77, and Ninth Circuit Rule 39-1.6.

7         In 2010, plaintiff's attorney expended 13.3 total hours at a claimed rate of

8   $175.36.  (First Koenig Decl. ¶ 9 (10.8 hours); Second Koenig Decl. ¶¶ 2-4 (adding 2.5 hours for

9   work drafting plaintiff's Reply in support of her Fees Motion).)  However, within the Ninth

10  Circuit, the applicable statutory maximum hourly rates for 2010 is $175.06.[7]  Defendant does not

11  challenge plaintiff's claimed fee rates (Def.'s Oppo. to Fees Mot. at 8-9); however, the

12  undersigned will adjust plaintiff's claimed total fees for 2010 as follows: 13.3 hours at a rate of

13  $175.06 totaling **$2,328.29**.  Given this adjustment, plaintiff's total fee request is for a total of

14  **$8,513.29** arising from 49.2 hours of attorney work from 2008 to 2010.

15        Plaintiff has demonstrated that her attorneys' fees were reasonably incurred in this

16  action.  "Social security cases are fact-intensive and require a careful application of the law to the

17  testimony and documentary evidence, which must be reviewed and discussed in considerable

18  detail."  Patterson v. Apfel, 99 F.Supp.2d 1212, 1213 (C.D. Cal. 2000).  Plaintiff's counsel spent

19  a reasonable amount of time analyzing the administrative record and the facts in his client's case

20  for purposes of drafting the Complaint, Motion for Summary Judgment, Reply and Fee Motion.

21  (First Koenig Decl. at 9-12.)  Further, plaintiff's counsel spent additional time on the somewhat

22  unusual circumstances surrounding plaintiff's award of disability under a second application with

23  the Commissioner and the related attempts by plaintiff's counsel for stipulated remand.  (Pl.'s

24

25        [7]   Ninth Cir. Rule 39-1.6; Statutory Maximum Rates Under the Equal Access to Justice
    Act, at http://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039 (stating rates of
26  $172.85 for 2008; $172.24 for 2009; $175.06 for 2010); Thangaraja, 428 F.3d at 876-77.

1    Reply to Fees Mot. at 9-10.)

2          Plaintiff's attorney had to familiarize himself with the administrative record as he

3    did not represent plaintiff at the administrative level (First Koenig Decl. ¶ 3), and performed

4    litigation work totaling 49.2 hours. (First Koenig Decl. ¶¶ 7-9; Second Koenig Decl. ¶¶ 2-4.)

5    Other district courts have awarded fees in social security matters where 40 to 50 hours of work

6    were performed, and nothing suggests plaintiff's claimed 49.2 hours were patently unreasonable

7    or excessive.  See Dorrell v. Astrue, No. CIV S-09-01122 EFB, 2011 WL 976484, at *1-2 (E.D.

8    Cal. Mar. 17, 2011) (unpublished) ("With respect to the amount of time claimed by counsel, the

9    court also notes counsel did not represent plaintiff at the administrative level and had to become

10   familiar with the case, which included a very lengthy administrative transcript.").  Accordingly,

11   the fees charged in this case were not excessive, redundant, or unnecessary under Hensley.  See

12   Hensley, 461 U.S. at 435.

13               2.    ***Defendant's Challenges To Specific Fees***

14         After reviewing the record and the work undertaken by counsel, the court declines

15   to conduct a line-by-line analysis of counsel's billing entries.  See Sumner v. Astrue, No. CIV

16   S-06-2883 DAD, 2009 WL 782082, at *2-3 (E.D. Cal. March 23, 2009) (unpublished) (citing

17   Stewart v. Sullivan, 810 F. Supp. 1102, 1107 (D. Haw. 1993); Destefano v. Astrue, No.

18   05-CV-3534, 2008 WL 623197, *4 (E.D.N.Y. March 4, 2008) (unpublished)).  However,

19   defendant contends (Def.'s Oppo. to Fees Mot. at 8-9) that certain specific line items in

20   plaintiff's counsel's declaration are excessive, redundant, or unnecessary and should therefore be

21   reduced or eliminated in accordance with Hensley.  Hensley, 461 U.S. at 434-35.  Defendant's

22   contentions are not well-taken.  While "excessive, redundant, or otherwise unnecessary" hours

23   should be excluded from a fee award, id., defendant has not compellingly argued that plaintiff's

24   counsel "double billed," engaged in unnecessary tasks, or incurred unnecessary extra hours.

25         Defendant claims that the 1.1 hours charged on July 21, 2008, for preparation of

26   the complaint is excessive and that, instead, 0.5 hours is a reasonable amount of time.  (Oppo. to

18

1   Fees Mot. at 8.)  Notwithstanding defendant's opinion to the contrary, preparing pleadings and

2   related documents in 1.1 hours is not unreasonable.  See Belcher, 2010 WL 5111435, at *4

3   (finding that it was reasonable for counsel to spend 1.5 hours preparing the complaint and related

4   documents).

5           Defendant next claims that the 0.4 total hours charged on January 5 and 6, 2009,

6   for coordination and correspondence with the U.S. Marshal's Service and a phone call to the

7   court's clerk were "routine administrative functions" and not appropriate to be charged as

8   attorney time.  (Def.'s Oppo. to Fees Mot. at 9.)  However, defendant cites no authorities

9   supporting that characterization, so the undersigned will not discount these 0.4 hours.  See

10   Norton v. Astrue, CV 09-01358-PHX-MHM, 2011 WL 836831, at *2 (D. Ariz. Mar. 9, 2011)

11   (unpublished) ("Without evidence to support the Commissioner's bald assertions [of Plaintiff

12   counsel's hours being unreasonable], the Court will not second-guess Plaintiff's counsel

13   regarding the time expended to achieve a favorable result.")

14           Defendant also asserts that the 0.2 hours charged February 7, 2009, for drafting

15   and filing an amended notice of compliance is improper.  (Def.'s Oppo. to Fees Mot. at 9.)

16   Defendant argues that the Commissioner should not be charged for plaintiff's counsel to "revise

17   his own work."  (Id.)  However, aside from defense counsel's own opinion, and defendant "does

18   not provide any expert or other credible authority to suggest that the time billed is unreasonable."

19    Arik v. Astrue, C 08-05564 SBA LB, 2011 WL 1576711, at *6 (N.D. Cal. Apr. 26, 2011);

20   Norton, 2011 WL 836831 at *2.  Further, it cannot be said that amending a filing in order to

21   come into compliance with proper service of summons is always excessive, redundant or

22   unnecessary under Hensley.  The 0.2 hours plaintiff spent on these tasks is reasonable.

23           Finally, defendant argues that if the court is persuaded by defendant's arguments

24   regarding extending the "logic" of Hardisty and conducting a piecemeal, issue-based fees

25   analysis, plaintiff should not be awarded fees for the time it took to draft the Reply briefing in

26   support of her fees motion.  (Def.'s Oppo. to Fees Mot. at 9.)  However, as described above, in

1    this particular case the undersigned has not found those arguments to be persuasive.  Further,

2    defendant has not cited authorities suggesting a general argument against awarding fees that were

3    incurred in drafting reply briefing in support of an EAJA fees request.  Accordingly, plaintiff is

4    entitled to be compensated for the 2.5 hours (Second Koenig Decl. ¶¶ 2-4) that it took for her

5    counsel to draft and file the Reply.  See Jean, 496 U.S. at 165-66 (awarding EAJA fees for fee

6    litigation); Kilbourne, 2011WL 2495688, at *5 (citing Jean and holding that plaintiff could seek

7    EAJA fees for "reasonable time expended litigating this fee entitlement.")

8              Given the foregoing, the undersigned will not reduce plaintiff's claimed hours or

9    fees, except to correct the hourly rate for 2010 as described above.

10   IV.    ASSIGNMENT OF FEE AWARD

11             Plaintiff's moving papers did not specify whether plaintiff sought to have her fee

12   award made payable to plaintiff or to her counsel.  (Pl.'s Mot. for Fees, Dkt. No. 32.)  Defendant

13   objected to any order awarding EAJA fees and expenses directly to plaintiff's attorney.  (Def.'s

14   Oppo. to Fees Mot., Dkt. No. 34 at 9.)  Defendant is correct that, under EAJA, fees are paid to

15   the "prevailing party."  28 U.S.C. § 2412(d)(1)(A); Astrue v. Ratliff, 130 S. Ct. 2521, 2525

16   (2010).  In her Reply briefing, plaintiff states in passing that fees should be paid to her attorney,

17   but does not explain why or cite to any authorities.  (Pl.'s Reply to Fees. Mot. at 10 ("plaintiff

18   respectfully requests that this court award her attorney, Andrew Koenig . . . reasonable attorney's

19   fees under the EAJA").)

20             The United States Supreme Court has concluded "that a [28 U.S.C.] § 2412(d)

21   fees award is payable to the litigant."  Ratliff,130 S.Ct. at 2524 (2010).  In Ratliff, the Supreme

22   Court held that "a § 2412(d) fees award is payable to the litigant and is therefore subject to a

23   Government offset to satisfy a pre-existing debt that the litigant owes the United States."  Id.  In

24   Ratliff, the plaintiff's attorney was successful in plaintiff's Social Security benefits suit against

25   the United States.  Id.  Thereafter, the district court granted plaintiff's unopposed motion for fees

26   under the EAJA.  Id.  However, before paying the fee award, the government discovered that

1  plaintiff owed the United States a debt that predated the award, and accordingly, the government

2  sought an offset of that owed amount.  Id.  Plaintiff's counsel intervened and argued that the fees

3  award belonged to plaintiff's counsel, and thus was not subject to offset for the litigant's federal

4  debts.  Id.  The Supreme Court disagreed, finding that "Congress knows how to make fee awards

5  payable directly to attorneys where it desires to do so," and because the fee was payable to a

6  "prevailing party," Congress intended the fee to go to the litigant, and not the attorney.  Id. at

7  2527-29.

8        Here, plaintiff's briefing does not raise any substantive arguments as to why the

9  fee award should be paid to plaintiff's counsel rather than to the "prevailing party" herself.

10  Instead, plaintiff's counsel's declaration suggests only that fees "be paid by the government

11  directly to plaintiff['s] attorney under the terms of the fee agreement."  (Second Koenig Decl. ¶

12  4.)  However, plaintiff's counsel has not made "the fee agreement" or its relevant term(s) part of

13  the record, has not shown that plaintiff effectively assigned to her attorney her right to receive

14  fees, and has not stated whether plaintiff has any applicable government debts that would impact

15  this analysis.  See Ratliff, 130 S. Ct. at 2524; Blackwell, 2011 WL 1077765 at *4-5.  Perhaps

16  plaintiff's attorney intended to argue that plaintiff's fees should be assigned directly to him, but

17  plaintiff's briefing failed to make such an argument even though defendant's briefing squarely

18  raised the issue.  (Def.'s Oppo. to Fees Mot. at 9.)  Plaintiff's attorney did not address Ratliff or

19  any other authorities on the issue.  Accordingly, the attorney's fees shall be awarded to plaintiff

20  herself as the "prevailing party" under the EAJA.  See 28 U.S.C. § 2412(d)(1)(A).

21  V.    CONCLUSION

22        Based on the foregoing, IT IS HEREBY ORDERED that:

23        1.    Plaintiff's Motion For Attorney's Fees Pursuant To The Equal Access To

24  Justice Act (Dkt. No. 32) is granted.

25  ////

26  ////

1    2.      Plaintiff is awarded attorney's fees under the EAJA for **49.2** hours

2    reasonably spent, in the total amount of **$8,513.29**.[8]

3    IT IS SO ORDERED.

4    DATED:  December 23, 2011

6    _____

7    KENDALL J. NEWMAN
     UNITED STATES MAGISTRATE JUDGE

---

23   [8]  As described above, these totals arise from:

24   (a)      attorneys' fees in the amount of $449.41 for 2008, based on 2.6 hours at the rate
     of $172.85.

25   (b)      attorneys' fees in the amount of $5,735.59 for 2009, based on 33.3 hours at the
     rate of $172.24.

26   (c)      attorneys' fees in the amount of $2,328.29 for 2010, based on 13.3 hours at the
     rate of $175.06.